UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CATHERINE LANSEL,<br>JOHN KOPATZ II,<br><br>        Plaintiffs,<br><br>    v.<br><br>KONINKLIJKE PHILIPS N.V.,<br>PHILIPS NORTH AMERICA LLC,<br>PHILIPS HOLDING USA, INC.,<br>BIOTELEMETRY, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 1:24-cv-00555-TWP-KMB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiffs' Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Further, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Complaint alleges "[t]he plaintiff, Catherine Lansel, is the surviving daughter of Maureen Kopatz and is a resident of Hancock County, Indiana. Catherine is the court-appointed Special Administrator of the Estate of Maureen Kopatz. Plaintiff, John Kopatz, II, was lawfully married to Maureen Kopatz during all times relevant to the Complaint. John and Maureen Kopatz were residents of McCordsville in Hancock County, Indiana" (Filing No. 1 at 1–2). These allegations are insufficient to allege the citizenship of Plaintiffs to allow the Court to determine whether diversity jurisdiction exists because they fail to state the citizenship, rather than the residence, of the decedent, Maureen Kopatz, and Plaintiff John Kopatz, II.

The Complaint further alleges "Koninklijke Philips N.V. ('Royal Philips') is a public limited liability company established under the laws of The Netherlands. Royal Philips has its principal executive offices at Philips Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands." *Id.* at 2. These allegations are insufficient to allege the citizenship of Royal Philips because they fail to state the members of Royal Philips and their citizenship. Because the Complaint alleges that Royal Philips is a limited liability company, Plaintiffs must identify each member of Royal Philips and their citizenship to allow this Court to determine whether diversity jurisdiction exists, even though Royal Philips is a foreign limited liability company. *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co. Ltd.*, 759 F.3d 787 (7th Cir. 2014) (holding that LLCs formed outside the United States that are "functionally identical" to domestic LLCs have the citizenship of each of their members for purposes of diversity jurisdiction).

As the party asking this Court to invoke its jurisdiction, Plaintiffs must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, Plaintiffs are **ORDERED** to file a Supplemental Jurisdictional

2

Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the decedent Maureen Kopatz and Plaintiff John Kopatz, II, as well as the members of the Defendant Koninklijke Philips N.V., and their citizenship. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

    **SO ORDERED**.

Date: 4/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Laura J. Conyers
FINDLING PARK CONYERS WOODY & SNIDERMAN, PC
laura@cflblaw.com